IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 97-40584
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID MICHAEL REINHARDT,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Texas
(1:91-CR-71-1)
_____

July 9, 1998

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

The defendant, David Michael Reinhardt, appeals the sentence imposed by the district court after his supervised release was revoked. In this case, the district court, adopting the report and recommendation of the magistrate judge, found that Reinhardt violated the terms of his supervised release by (1) committing crimes while on release, (2) using or possessing cocaine, and (3) failing to notify the probation office within 72 hours of any change of residence or employment. Relying on the policy statements set forth in the United States Sentencing Guidelines ("U.S.S.G.") §§ 7B1.1 -

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

7B1.4, the district court found that Reinhardt's conduct (specifically the commission of crimes while on release) constituted a grade A supervised release violation, which, when combined with his criminal history category of III, results in a recommended imprisonment range of 18 to 24 months. Given the circumstances of this case, the district court concluded that Reinhardt should be sentenced to the maximum term of imprisonment.

On appeal, Reinhardt challenges only the district court's conclusion that he violated the terms of his supervised release by committing a number of crimes while in Canada. According to Reinhardt, crimes committed in a foreign country do not constitute a violation of his supervised release, which dictates only that he "not commit another federal, state, or local crime." Although he does not challenge the other two grounds upon which the district court revoked his supervised release, Reinhardt argues that the district court's reliance on the Canadian crimes was prejudicial because, without those crimes, the guideline range of imprisonment would have been only five (5) to eleven (11) months rather than eighteen (18) to twenty-four (24) months.

As we have previously held, however, although the Guidelines provide classifications for supervised release violations and recommended ranges of imprisonment after revocation, see U.S.S.G. §§ 7B1.1 - 7B1.5, these are merely policy statements and are not binding on the district court. United States v. Headrick, 963 F.2d 777, 781-82 (5th Cir. 1992). Instead, in Headrick, the court held that this court will uphold a sentence imposed after revocation "unless it is in violation of law or is plainly unreasonable." Id. at 779. In this case, because Reinhardt was originally convicted of bank robbery, a class C felony, see 18 U.S.C. §§ 2113(a), 3559(a), Reinhardt could have been sentenced to a term of imprisonment after revocation of up to two (2) years, see 18 U.S.C. § 3583(e)(3). Thus, the sentence imposed was not in violation of law. In addition, given the

2

circumstances of this case, we conclude that the sentence imposed was not plainly unreasonable. Accordingly, we need not address whether crimes committed in a foreign country can, in and of themselves, constitute a violation of a defendant's supervised release.

For the reasons set forth above, the judgment of the district court is AFFIRMED.

Carl E. Stewart, Circuit Judge, dissenting:

Because I believe that the court should address the question of whether a crime committed in a foreign country can constitute a violation of the terms of a defendant's supervised release, I respectfully dissent.